UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| Jennifer Artesi | ) | |
| | ) | |
| v. | ) | Civil Action No.: 1:19-CV-00214-SM |
| | ) | |
| DeMoulas Super Markets, Inc. d/b/a | ) | |
| Market Basket, and | ) | |
| Dennis Labatte | ) | |

## DEFENDANTS' ANSWER AND JURY DEMAND

NOW COME the Defendants, DeMoulas Super Markets ("DSM") and Dennis LaBatte (incorrectly pleaded as Labatte), by and through their attorneys, Maggiotto, Friedman, Feeney & Fraas, PLLC, by way of Answer to the Complaint, state as follows:

1. This paragraph requests a jury and accordingly no response is required.

2. The allegations of this paragraph of conclusions of law for which no response is required. To the extent construed against these Defendants, the allegations are denied.

## VENUE AND JURISDICTION

3. Defendants removed this matter from state court to this forum and therefore do not contest jurisdiction.

## PARTIES

4. Defendants lack knowledge to admit or deny and therefore deny same.

5. DSM admits it principal office location and that it owns and operates a store in Somersworth, NH. DSM admits it was the employer of Plaintiff, Mr. LaBatte. The remainder of the allegations of this paragraph are conclusions of law for which no response is required.

1

6. Except to admit that Mr. LaBatte is male, and was the Store Director at the Somersworth store during various years in which the Plaintiff worked at the Somersworth store, and that Mr. LaBatte may be reached through DSM, Defendants deny the remainder of the allegations of this paragraph.

7. The allegations of this paragraph are mixed statements of procedure, opinion of counsel and law, for which no response is required.

## STATEMENT OF FACTS

8. Except to admit the time frame of employment, Defendants deny the remainder of the allegations of this paragraph.

9. The allegations of this paragraph are denied as phrased. By way of further response, the Plaintiff worked primarily at the Somersworth store during her time with the Company, however she also worked at Rochester Store #50 as well.

10. Defendants deny the allegations of this paragraph.

11. Except to admit that Plaintiff worked at Store # 50 in Rochester, NH from November 12, 2001 to May 24, 2006, and was transferred to the Somersworth store #36 in or about May 24, 2006, Mr. LaBatte lacks knowledge sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph and therefore denies same. By way of further answer, Mr. LaBatte did speak to the Plaintiff on occasion about dress code matters, including the required wearing of hairnets and no wearing of cargo pants. DSM denies any transfer of Plaintiff from Rochester to Somersworth, was motivated by dress code infractions.

12. Except to admit that Mr. LaBatte was transferred to Somersworth in or about 2012, Defendants lack knowledge sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph and therefore deny same.

13. Except to admit that Plaintiff was out of work for medical reasons in or about March 2014, Defendants lack knowledge sufficient to form a belief as to the reason for the medical leave and therefore deny same. Mr. LaBatte denies remainder of the allegations of this paragraph directed at him.

14. Except to admit that the Plaintiff was out of work in or about March 2016, and returned in or about June 2016, Defendants lacks knowledge sufficient to form a belief as to the reasons for the medical leave, the medical condition alleged, and must therefore deny same.

15. Except to admit that Tim Shea is the Defendants Produce Manager for the Somersworth store, DSM denies the remainder of the allegations of this paragraph.

16. Mr. LaBatte denies the allegations of this paragraph.

17. Defendants lack knowledge sufficient to form a belief as to the truth of the time frame of when Plaintiff got married. Except to admit that Mr. LaBatte would use Plaintiff's former name in addition to her married name to address her, Mr. LaBatte denies the remainder of the allegations of this paragraph.

18. Defendants lack knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and must therefore deny same.

19. Defendants lack knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and must therefore deny same.

20. Except to admit that Plaintiff did not report to work beginning December 29, 2016, Defendants lack knowledge sufficient to form a belief as to the truth of the nature of the medical condition and whether it did or did not constitute a disability at the time of the phone call and must therefore deny same. By way of further answer, DSM admits that Mr. James received two phone calls from Mr. Artesi on or about December 30, 2016. In the second call at approximately 6:30am, the caller stated that the Plaintiff was in the hospital.

21. Defendants lack knowledge sufficient to form a belief as to the truth of the allegations as phrased in this paragraph and must therefore deny same. By way of further response, DSM admits that an unknown male gave Mr. Paquette an envelope addressed to Mr. LaBatte, on Tuesday, January 3, 2017, which was Mr. LaBatte's day off. When Mr. LaBatte returned to work on Wednesday, January 4, 2017, he opened the envelope and saw that it was a note from a health care provider indicating that the Plaintiff was hospitalized out of state and would be out of work indefinitely. No other details were contained within the note. In accordance with company policy, Mr. LaBatte sent the note to DSM's benefits department on that day along with a request for FMLA leave for the Plaintiff.

22. Except to admit that DSM provided FMLA paperwork to a caseworker named Miller in or about January 4-9, 2017, DSM lacks knowledge sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph and therefore denies same.

23. DSM admits that it received completed FMLA documents from Plaintiff's doctor on or about January 12, 2017 and that the paperwork as submitted indicated that the

Plaintiff would be out of work from December 30, 2016 to February 6, 2017. DSM lacks knowledge sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph and therefore denies same.

24. DSM admits that it sent a letter dated January 13, 2017 to Plaintiff in reference to her FMLA leave which commenced on December 30, 2016. The letter informed Plaintiff that the one week allotment ended on January 7, 2017. The letter also informed the Plaintiff that if she did not return to work by January 23, 2017, that the maximum time for her FMLA leave would be expired. The letter provided sixteen days of extended leave from January 7, 2017 to January 23, 2017 and that Plaintiff would therefore be expected to return to work on January 23, 2017. DSM lacks knowledge sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph and therefore denies same.

25. Defendants lack knowledge sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph and therefore deny same.

26. Defendants generally deny the allegations of this paragraph as phrased. By way of further response, Mr. LaBatte recalls that Mr. Artesi called the store and spoke to him on or about February 10, 2017. Mr. Artesi told Mr. LaBatte, that he, Mr. Artesi, would be back in touch about his wife returning to work. However, by this date, Plaintiff's FMLA leave time had already expired and an extension had already been provided. Mr. LaBatte had not previously heard directly from either Mr. Artesi or the Plaintiff, since the note from the health care provider was dropped off at the store in early January 2017.

27. Except to admit that on or about February 22-24, 2017 DSM received a return to work note from the same physician who had provided the note of January 2, 2017, and that this note indicated that the Plaintiff could return to work on March 6, 2017, and that as stated above, Plaintiff had exhausted her FMLA time as of January 7, 2017 and was provided an extension until January 23, 2017 to return to work, DSM lacks knowledge sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph and therefore denies same.

28. Except to admit that in late February 2017 the Plaintiff called the store and spoke to Mr. Paquette to as if her name was still on the schedule, that Mr. Paquette told her that her name was still on the schedule but that she was not scheduled to work any hours and that she would need to speak with Mr. LaBatte, Defendants deny the remainder of the allegations of this paragraph.

29. Except to admit that DSM issued a letter dated March 1, 2017 to the Plaintiff informing her of the status of her insurance benefits, DSM lacks knowledge sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph and therefore denies same.

30. DSM lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and must therefore deny same.

31. DSM generally denies the allegations of this paragraph insofar as they allege that someone from the benefits department disclosed confidential information about Plaintiff's medical leave; and Mr. LaBatte denies that he ever knew the reason for Plaintiff's leave and therefore denies that he made any disclosure of same.

32. Except to admit that Plaintiff showed up at work on March 6, 2017 without having been scheduled for work, and that a meeting took place between Plaintiff and Mr. LaBatte, and that Mr. LaBatte directed the Plaintiff to go home and that a time would be arranged for her to speak with Mr. Shea, DSM lacks knowledge sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph and therefore denies same.

33. Except to admit that a meeting took place later that same day, Defendants deny the remainder of the allegations as phrased. By way of further response, the meeting that took place was to include Plaintiff, Mr. LaBatte, Mr. Shea and Mr. LaBatte's office assist, Liz. However, Plaintiff objected to Liz attending the meeting and instead demanded that her friend Cristal Faucher attend the meeting, which Ms. Faucher did. Neither Ms. Faucher not Mr. LaBatte spoke during the meeting. Mr. Shea explained to the Plaintiff that because she had exhausted all of her available FMLA time, including an extension of time, her position with the Company was terminated.

34. DSM admits that Mr. Artesi spoke with Mr. Schmidt on or about March 10, 2017. Mr. Artesi explained that his wife was not the type of person that likes to speak to other people and expressed a desire that Plaintiff wanted to return to work as she was no longer working for the company. Mr. Schmidt advised he would look into it.

35. DSM admits that on or about this date Mr. Schmidt had a brief conversation with Plaintiff during which she inquired about the prospect of returning to work. Mr. Schmidt advised Plaintiff that Mr. Maguire was on vacation and that Mr. Schmidt would speak with Mr. Maguire upon his return, and that Plaintiff would be contacted after that time.

36. DSM denies the allegations of this paragraph.

37. DSM admits the allegations of this paragraph.

38. DSM lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and must therefore deny same.

39. Defendants generally deny the allegations of this paragraph to the extent they attempt to suggest that DSM transferred Mr. LaBatte to another store for any reason related to the employment of the Plaintiff, or that the transfer was in any way related to any disciplinary action. By way of further response, Mr. LaBatte was reassigned as the Store Director for Seabrook Store #30 due to the promotion of another individual within the Seabrook store.

40. DSM denies the allegations of this paragraph.

41. DSM lacks knowledge sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph and therefore denies same.

42. Except to admit that DSM may provide a discretionary bonus to eligible employees, that is, employees who are still actively working for the company, in or about March, DSM lacks knowledge sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph and therefore denies same.

43. Defendants deny the allegations of this paragraph.

44. Defendants deny that any damages are owed and/or that Plaintiff is entitled to any of the damages claimed in this paragraph.

45. Defendants deny that any such relief is appropriate in this forum or that Plaintiff is entitled to any of the relief requested in this paragraph.

## COUNT I
## DISABILITY DISCRIMINATION/HOSTILE WORK ENVIRONMENT
## FAILURE TO ACCOMMODATE
## NH RSA 354-A (DEMOULAS)

46. Defendants repeat and reincorporate by reference their responses to the preceding paragraphs as though set forth at length herein.

47. These Defendants lack knowledge to admit or deny the allegations of this paragraph and must therefore deny same.

48. These Defendants deny the allegations of this paragraph as phrased.

49. These Defendants lack knowledge to admit or deny the allegations of this paragraph and must therefore deny same.

50. These Defendants lack knowledge to admit or deny the allegations of this paragraph and must therefore deny same.

51. The allegations of this paragraph are denied.

52. The allegations of this paragraph are generally denied. By way of further response, the statements referred to in paragraph 11 are allegedly from the time frame 2006 and are therefore beyond the applicable statute of limitations; the statements referred to in paragraph 12 are allegedly from the time frame of 2012 and are therefore beyond the applicable statute of limitations; the statements referred to in paragraph 14 are allegedly from the time frame of 2014 and are therefore beyond the applicable statute of limitations.

53. Defendants deny the allegations of this paragraph.

   WHEREFORE Defendants demand dismissal with interest and costs thereon.

### COUNT II
### DISABILITY DISCRIMINATION/HOSTILE WORK ENVIRONMENT
### FAILURE TO ACCOMMODATE
### ADA/ADAAA (DEMOULAS)

54. Defendants repeat and reincorporate by reference their responses to the preceding paragraphs as though set forth at length herein.

55. These Defendants deny the allegations of this paragraph.

56. These Defendants deny the allegations of this paragraph.

WHEREFORE Defendants demand dismissal with interest and costs thereon.

### COUNT III
### GENDER DISCRIMINATION/HOSTILE ENVIRONMENT
### NH RSA 354-A (DEMOULAS)

57. Defendants repeat and reincorporate by reference their responses to the preceding paragraphs as though set forth at length herein.

58. The allegations of this paragraph are a statement of law for which no response is required.

59. These Defendants deny the allegations of this paragraph.

60. These Defendants deny the allegations of this paragraph.

61. These Defendants deny the allegations of this paragraph.

WHEREFORE Defendants demand dismissal with interest and costs thereon.

### COUNT IV
### GENDER DISCRIMINATION/HOSTILE ENVIRONMENT
### TITLE VII (DEMOULAS)

62. Defendants repeat and reincorporate by reference their responses to the preceding paragraphs as though set forth at length herein.

63. These Defendants deny the allegations of this paragraph.

64. These Defendants deny the allegations of this paragraph.

WHEREFORE Defendants demand dismissal with interest and costs thereon.

## COUNT V
## AIDING AND ABETTING DISCRIMINATION
## UNDER NH RSA 354-A (LABATTE)

65. Defendants repeat and reincorporate by reference their responses to the preceding paragraphs as though set forth at length herein.

66. These Defendants deny the allegations of this paragraph.

67. These Defendants deny the allegations of this paragraph.

WHEREFORE Defendants demand dismissal with interest and costs thereon.

## COUNT VI
## RETALIATION NH RSA 354-A AND ADA/ADAAA (BOTH DEFENDANTS)

68. Defendants repeat and reincorporate by reference their responses to the preceding paragraphs as though set forth at length herein.

69. These Defendants deny the allegations of this paragraph.

70. These Defendants deny the allegations of this paragraph.

71. These Defendants deny the allegations of this paragraph.

WHEREFORE Defendants demand dismissal with interest and costs thereon.

## COUNT VII
## VIOLATION OF FAMILY MEDICAL LEAVE ACT (DEMOULAS)

72. Defendants repeat and reincorporate by reference their responses to the preceding paragraphs as though set forth at length herein.

73. These Defendants deny the allegations of this paragraph.

74. Except to admit that the Plaintiff applied for and was granted FMLA leave beginning on or about December 2016, these Defendants deny the remainder of the allegations of this paragraph.

75. These Defendants deny the allegations of this paragraph.

76. These Defendants lack knowledge sufficient to admit or deny the allegations of this paragraph and therefore deny same.

77. These Defendants deny the allegations of this paragraph.

78. These Defendants deny the allegations of this paragraph.

WHEREFORE Defendants demand dismissal with interest and costs thereon.

## **JURY DEMAND**

Defendants demand a jury trial on all issues so triable.

## **DEFENSES**

Defendant denies all allegations of liability and damages and raises the following defenses:

1. Defendants contend that the Plaintiff has failed to state a claim upon which relief can be granted.

2. Some or all of Plaintiff's claims are barred by the applicable statutes of limitations.

3. Plaintiff failed to exhaust some or all of her administrative remedies.

4. Plaintiff failed to obtain the necessary administrative prerequisite to suit.

5. Defendants deny that their actions or those of their agents, servants or employees resulted in any discrimination which violated any state or federal law, concerning the employment of the Plaintiff.

6. At all times relevant hereto, the Defendants acted in good faith and did not violate any rights which may be secured to the Plaintiff under federal, state, or local laws, rules, regulations, or guidelines.

7. Defendants assert that they complied at all times with their own policies and procedures, which policies and procedures prohibited unlawful discrimination.

8. Plaintiff exhausted all applicable FMLA leave that was available to her.

9. The Defendants' actions with respect to the Plaintiff were made for valid business reasons and were an exercise of valid business judgment.

10. Plaintiff has suffered no damages as a result of any actions by the Defendants.

11. The Plaintiff has failed to mitigate her damages.

12. The Defendants' actions were not the proximate cause of any alleged injury to the Plaintiff.

13. The Defendants disputes the nature, extent and effect of the injuries the Plaintiffs claim to have suffered as a result of the alleged incident.

14. Pursuant to New Hampshire common law, the Plaintiff is not entitled to an award of punitive or enhanced compensatory damages relative to her pendent state law claims.

15. Defendants reserves the right to rely on additional affirmative defenses should they become known during the course of discovery or trial.

Respectfully submitted,

DeMoulas Super Markets, Inc.
and
Dennis LaBatte

By their Attorneys,
MAGGIOTTO, FRIEDMAN, FEENEY & FRAAS, PLLC


Dated: March 8, 2019          By:     */s/ Dona Feeney*_____
                                      Dona Feeney, Esq. (N.H. Bar #12854)
                                      58 Pleasant Street
                                      Concord, NH   03301
                                      (603) 232-5469 or 225-5152
                                      dfeeney@mfgflaw.com


## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2019 a copy of the foregoing has been served through the court's ECF filing system on Leslie H. Johnson, Esq.

        __*/s/ Dona Feeney*_____
        Dona Feeney, Esq.