UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Jennifer Artesi ) | |
| ) | |
| v. ) | Civil Action No.: 1:19-CV-00214-SM |
| ) | |
| DeMoulas Super Markets, Inc. d/b/a ) | |
| Market Basket, and ) | |
| Dennis Labatte ) | |

## **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

NOW COME the Defendants, by and through their counsel, Maggiotto, Friedman, Feeney & Fraas, PLLC, and pursuant to Federal Rule of Civil Procedure Rule 56 move this Court to grant summary judgment in its favor on all counts of Plaintiff's Complaint, and in support thereof, state as follows:

1. This matter arises out of allegations by the Plaintiff that the Defendants discriminated against Plaintiff on the basis of her gender and disability.

2. Contrary to the Plaintiff's assertions, the undisputed facts show that Plaintiff was terminated for abandoning her job and was not discriminated against on the basis of gender or disability at any time.

3. Count I and II of Plaintiff's Complaint assert that DeMoulas discriminated against her on the basis of disability, created a hostile work environment, and failed to accommodate her disability pursuant to the ADAAA and N.H. RSA 354-A. The undisputed facts show that Plaintiff was terminated for abandoning her job and not because of any disability. The few stray comments regarding her disability Plaintiff can point to over years of employment "falls far short of the constant mockery or constant ridicule sufficient to prove a claim of disability based harassment." *Posteraro v. RBS Citizens, NA*, 159 F.

Supp. 3d 277, 289 (D.N.H. 2016). In addition, Plaintiff never requested an accommodation and the undisputed facts show that at the time her FMLA leave expired, Plaintiff was unable to perform <u>any</u> functions of her job. The Plaintiff "bears the burden of proving that a proposed accommodation would enable her to perform the essential functions of her job" and she cannot do so here. *Richardson v. Friendly Ice Cream Shop*, 594 F.3d 69, 81 (1st. Cir. 2010). As such, DeMoulas is entitled to summary judgment on Count I and II of Plaintiff's Complaint.

4. Count III and IV of Plaintiff's Complaint assert that DeMoulas discriminated against her on the basis of her gender and created a hostile work environment. There are no facts to support an inference that Plaintiff's termination is causally connected to her gender. Beyond a few stray comments across years of employment, the Plaintiff can point to no facts which implicate any sort of gender discrimination. Those few comments fall far short of the requirement that conduct be "severe and pervasive" to interfere with Plaintiff's employment and rise to the level of a hostile work environment. *Gerald v. Univ. of P.R.* 707 F.3d 7, 18 (1st Cir. 2013). As such, DeMoulas is entitled to summary judgment on these counts.

5. Count V asserts that Mr. LaBatte aided and abetted discrimination at DeMoulas. However, the New Hampshire Court has noted that in order for an individual to be liable, the Plaintiff must prove "that the individual aided and abetted an unlawful discriminatory practice committed by an employer." *US Equal Empl. Opp. Com'n v. Fuller Oil Co.*, 134 A. 3d 17, 21 (NH 2016). Because the undisputed facts show that DeMoulas did not discriminate against Plaintiff for any reason, Mr. LaBatte is entitled to summary judgment on this claim.

6. Count VI asserts that the Defendants retaliated against Plaintiff for exercising her rights under the ADA and RSA 354-A. However, the undisputed facts show that Plaintiff did not engage in any protected act prior to her termination. Plaintiff neither raised any complaints of harassment nor made any requests for accommodation prior to her termination. Absent any protected acts prior to her termination, the Defendants are entitled to summary judgment on this claim.

7. Count VII asserts that DeMoulas violated the FMLA by retaliating against Plaintiff for asserting her rights under the FMLA. DeMoulas is entitled to summary judgment on this count because the undisputed facts show that Plaintiff was provided all FMLA leave time to which she was entitled and there is nothing more than a temporal proximity between her non-renewal and her leave. *See Carrero-Ojeda v. Autoridad de Energia Electrica*, 755 F.3d 711 (1st Cir. 2014). In addition, Plaintiff's repeated use of FMLA leave time across her years of employment reflect that at no point has DeMoulas retaliated against Plaintiff for use of FMLA leave.

8. The grounds for this motion are set forth in the attached Memorandum of Law, Affidavit of Dona Feeney, Esq., Affidavit of Operations Supervisor Joseph Schmidt, and accompanying deposition transcripts and exhibits.

9. Due to the dispositive nature of this motion, the assent of Plaintiff's counsel has not been sought.

WHEREFORE, the Defendants respectfully request that this Honorable Court:

A. Grant their Motion for Summary Judgment on All of Plaintiff's Claims; and

B. For other relief as is just and proper.

Respectfully submitted,

DeMoulas Super Markets, Inc.
and
Dennis LaBatte

By their Attorneys,
MAGGIOTTO, FRIEDMAN, FEENEY & FRAAS, PLLC

Dated: December 30, 2019      By:   _/s/ Dona Feeney_____
Dona Feeney, Esq. (N.H. Bar #12854)
58 Pleasant Street
Concord, NH   03301
(603) 232-5469 or 225-5152
dfeeney@mffflaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2019 a copy of the foregoing has been served through the court's ECF filing system on Leslie H. Johnson, Esq.

__/s/ Dona Feeney_____
Dona Feeney, Esq.