UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Jennifer Artesi,

    Plaintiff

v.                                             1:19-cv-00214-SM

DeMoulas Super Markets, Inc. d/b/a
Market Basket and Dennis Labatte,

    Defendants

**PLAINTIFF'S OBJECTION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

NOW COMES Jennifer Artesi, Plaintiff, by and through her attorney, Law Office of Leslie H. Johnson, PLLC, and submits her Objection to Defendants' Motion for Summary Judgment, and in support thereof states as follows:

1. Plaintiff filed causes of action against Defendant Demoulas for disability discrimination/hostile environment and failure to accommodate contrary to NH RSA 354-A and the ADA/ADAAA[1] (Counts I and II), for gender discrimination/ hostile work environment under NH RSA 354-A and Title VII (Counts III and IV), and for violation of the Family Medical Leave Act (Count VII); against both Defendants for Retaliation, contrary to RSA 354-A and the ADA/ADAAA (Count VI [Labatte as to RSA 354-A only]); and against Defendant Labatte for aiding and abetting discrimination contrary to RSA 354-A based on gender and disability (Count V).

2. Contrary to Defendants' assertions, Plaintiff ("Ms. Artesi"), a 29-year employee, did not abandon her job, but was retaliated against for taking allowed leave time and was fired

---

[1] Throughout Plaintiff's objection and memorandum, she will refer to the ADA, as amended by the ADAAA, collectively, as the "ADA".

1

prior to the expiration of her leave, as set forth more fully in the memorandum of law[2] submitted herewith.

3.  In fact, prior to 2017 Defendant Demoulas had never complied with the strict notice requirements of the FMLA, which was necessary to appropriately designate "FMLA" leave.  Therefore, as of December 30, 2016 Ms. Artesi was entitled to 12 weeks of leave, and had approximately 4 weeks still available to her when terminated.  Therefore, the FMLA was violated. See Plaintiff's Memorandum of Law ("P.Mem."), Argument I.

4.  Even if Ms. Artesi had run out of FMLA leave by March 6th when she was fired, or on any prior date, the Defendants had a duty under the ADA/354-A to discuss an extended leave as a reasonable accommodation ("RA"), as part of the interactive process, which they failed to do.  Absent Defendants making a showing of undue hardship, they were required to provide additional leave time, whether FMLA or not.  Therefore, the ADA and 354-A were violated. See P.Mem., Argument II.

5.  Ms. Artesi is not claiming that her termination was based on gender, but that she was subjected to a hostile environment based on both disability and gender, which are intertwined as some of the medical conditions were for female related surgeries.  See P.Mem., Argument II. C. and III.

6.  Ms. Artesi alleges that Mr. Labatte, her supervisor, aided and abetted Demoulas, another individual/entity, by perpetrating the harassment and participating in her discriminatory termination.   See P. Mem., Argument IV.

7.  Ms. Artesi alleges that both Defendants retaliated against her for taking FMLA leave, because of her disability, and for requesting an extension of leave as necessary, which

---

[2] Said memorandum has full citations to the record and legal authority, which will not be repeated here in this broad overview.

constituted a RA request, which they declined to even consider or discuss. Her request for this leave, and the retaliatory termination is the crux of the retaliation action.  See P.Mem., Argument V.

      8.      Plaintiff incorporates herein her Memorandum of Law with attachments, which is submitted contemporaneously herewith.

WHEREFORE, Plaintiff respectfully requests that the Honorable Court grant the following relief:

      A.      Deny Defendants' Motion for Summary Judgment; and,

      B.      Grant such other and further relief as the Court deems equitable and just.

Respectfully submitted,

**JENNIFER ARTESI, Plaintiff**
By her attorney

Dated:  February 10, 2020              /s/ LESLIE H. JOHNSON
Leslie H. Johnson, Esquire – NHBA #5545
Law Office of Leslie H. Johnson, PLLC
PO Box 265
Center Sandwich, NH 03227
(603) 284-6600
leslie@lesliejohnsonlaw.com

## CERTIFICATION

I hereby certify on this date that I am sending a copy of this document as required by the rules of court. I am electronically sending this document through the court's electronic filing system to all attorneys and to all other parties who have entered electronic service contacts (email addresses) in this case.

      /s/ LESLIE H. JOHNSON
Leslie H. Johnson, Esquire