ATTACHMENT D

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Jennifer Artesi,

    Plaintiff

v.                                                                          1:19-cv-00214-SM

DeMoulas Super Markets, Inc. d/b/a
Market Basket and Dennis Labatte,

    Defendants

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED ON DEFENDANT DEMOULAS SUPER MARKETS, INC. D/B/A MARKET BASKET

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Jennifer Artesi, Plaintiff, through undersigned counsel, propounds upon DeMoulas Super Markets, Inc. d/b/a Market Basket, Defendant, the following written interrogatories and requests for production to be answered fully and under oath within 30 days after the date of service hereof or a shorter period of time as may be ordered by the Court.

These interrogatories and requests for production are deemed continuing. Defendant is requested to provide, by way of supplementary answers, such additional information as they or any other person acting on their behalf may hereafter obtain which will augment or otherwise modify Defendant's answers provided to the interrogatories below. Such supplementary responses are to be served upon Plaintiff, through counsel of record, within 30 days after receipt of such information or a shorter period of time as may be ordered by the Court.

**DEFINITIONS**

product and/or the mental impressions/conclusions and/or trial strategy of counsel. Our attorneys advise that witnesses for trial will be identified in accordance with the case approved discovery plan and the applicable federal rules. Without waiving the objections, and with regard to individuals with knowledge, other than those individuals identified in the Rule 26 disclosure previously made, none. Mr. Paquette is no longer employed by the company. His last address is 100 Meader Borough, Rochester, NH 03867

    3.    Identify, as set forth in the Instructions and Definitions sections above, each person who materially participated in all decisions concerning Plaintiff's employment with Defendant MB from March 1, 2014 forward, approximately 3 years prior to the termination of her employment.

A person should be considered to have participated if he or she made the decision, discussed the decision, recommended the decision, reviewed the decision, or gathered or supplied information used to make the decision. Provide all details concerning this decision and each person's input into same and provide a copy of all documentation related thereto.

ANSWER: Dennis Labatte, Store Director, was involved in supervising plaintiff, along with Assistant Store Manager Jerry Paquette, her department managers Mandy Barnum and David James. Mr. Labatte provided input regarding plaintiff (as well as other employees' performance) to the respective supervisors. In the case of plaintiff that would have been to Timothy Shea, produce supervisor. Mr. Shea, in turn, would provide information to the director of produce operations, Michael Maguire.

In or about December 30, 2016, the plaintiff did not appear for work as scheduled. It is believed that someone called the store on the plaintiff's behalf and spoke to D.J., David James. Mr. James reported to Mandy Barnum and Dennis Labatte that the person who called said that the plaintiff was hospitalized out of state and would not be in to work.

On January 3, 2017, the plaintiff's uncle delivered a note to Jerry Paquette at the store. Mr. Paquette left the note for Mr. Labatte. Mr. Labatte was off on January 3rd and returned to work on January 4, 2017 to see the note. The note was dated January 2, 2017 and indicated that the plaintiff was hospitalized in Florida due to a medical condition with an unknown discharge date. The note further indicated that the plaintiff would be out of work until further notice.

On January 4, 2017, Mr. Labatte completed a Request for Family or Medical Leave form on behalf of plaintiff, and sent it to the company benefits department, Betsey Pelletier. Ms. Pelletier turned the note and the dated request over to Rachel Joyce who handles the company's FMLA leave requests.

On January 9, 2017 plaintiff sent a completed Request for Family or Medical Leave to the company. She also sent a release consent signed. Upon receipt of these documents, Ms. Joyce faxed plaintiff's FMLA eligibility letter and paperwork to Jeannine Miller from G&G Holistic on January 9, 2017. The completed form was faxed back to the company on or about January 12, 2017. The completed form was signed by the health care provider Dr. Quesada and indicated the duration of the condition and need for leave to be until February 6, 2017.

Upon receipt of this completed form, Ms. Joyce faxed the plaintiff's final determination letter and DOL Designation Notice form dated January 13, 2017 to Ms. Miller. The designation notice indicated that there was only one week of eligible leave available to the plaintiff.

Because plaintiff only had one week of leave available, Ms. Joyce prepared and sent another letter dated January 13, 2017 to plaintiff's home address. That letter also advises plaintiff that she only has one week of leave available ending on January 7, 2017. The same letter advised plaintiff that due to the expiration of her leave on January 7th, she had an expected return to work date of January 23, 2017.

The company did not have any further communication from any health care provider or the plaintiff herself, until a note was provided on February 22, 2017 stating the plaintiff could return to work on March 6, 2017.

After Mr. McGuire learned that plaintiff's FMLA leave had expired, and had been extended for twenty days, he made the decision to terminate plaintiff's employment.

   4. Identify, as set forth in the Instructions and Definitions section above, all co-employees who worked in Plaintiff's department, and all of her supervisors and managers, and identify their positions, from January 1, 2010 forward.

ANSWER: Upon advice of counsel defendant objects to this request as overbroad, burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the objection and answering for the time frame March 2014—March 2017, with names of employees other than managers redacted, see attached list.

   5. From January 1, 2016 forward, please identify all health care providers with whom you have spoken and/or consulted with regard to Plaintiff; and, for each one, identify all witnesses to the conversation(s), what was said by whom, and provide all documentation related thereto, including any release signed by Plaintiff to allow you to personally contact her medical providers; and, if you had no release, state your authority for speaking to her medical providers.

ANSWER: None.

   6. State all disciplinary actions taken against Plaintiff in the course of her employment, and with respect to each action provide the following information:

   a. The nature of the action;
   b. The date of the action;
   c. The reason for the action;
   d. The decision maker(s);
   e. Any witnesses and documents in support of the allegations against Plaintiff; and,
   f. Provide a copy of all documentation related thereto, including any notes taken during meetings with Plaintiff.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All documents identified in your initial disclosures to the extent not already provided.

RESPONSE: Previously produced.

2. A complete copy of Plaintiff's personnel file, including but not limited to supervisor notes, emails about her, any medical, FMLA, workers' compensation and ADA files, and all other documentation that are not attorney-client privileged.

RESPONSE: Previously produced.

3. Complete copy of your Employee Handbook, as well as any and all policies concerning the FMLA, ADA, reasonable accommodations, harassment, discrimination and/or retaliation.

RESPONSE: Attached.

4. All documentation related to proposing accommodations for Plaintiff's disability/ perceived disability.

RESPONSE: Upon advice of counsel defendant objects to this request as it has no knowledge of any requested accommodation from plaintiff for any disability, and therefore has no documents responsive to this request. Defendant did not perceive the plaintiff as disabled and therefore has no documents responsive to this request.

5. Copies of any and all medical notes, requests, and/or records submitted by Plaintiff, or on Plaintiff's behalf, by any medical provider or other person to Defendant MB, throughout the term of Plaintiff's employment.

RESPONSE: Other than those documents contained within her requests for FMLA leave and/or any workers compensation leave, there are no documents responsive to this request.

6. All documents, correspondence, and communications between Defendant MB and Plaintiff from Plaintiff's date of hire to present.

RESPONSE: Upon advice of counsel defendant objects to this request as overbroad, burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

7. All documents and job descriptions for positions Defendant MB had available to its employees for the time period covering Plaintiff's date of hire to Plaintiff's date of termination for positions in her department.

RESPONSE: There are no documents responsive to this request.

1

DeMoulas Super Markets, Inc. d/b/a
Market Basket

Dated: FeB 7, 2020, 2020

By: _Joseph W Schmidt_

Print name: _Joseph W. Schmidt_

Its _Operations Supervisor_
Duly Authorized

STATE OF _Massachusetts_

COUNTY OF _Middlesex_

Before me, personally appeared before me the above named _Joseph W Schmidt_, duly authorized representative for Defendant MB and made oath that the foregoing answers are true and correct to the best of his/her knowledge and belief, this 7TH day of _February_, 2020.

_____
Notary Public / Justice of the Peace

My commission expires: 12/28/2023



JAMES E. CARTER
Notary Public
Commonwealth of Massachusetts
My Commission Expires
December 28, 2023