ATTACHMENT E

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Jennifer Artesi,

    Plaintiff

v.                                                                           1:19-cv-00214-AJ

DeMoulas Super Markets, Inc. d/b/a
Market Basket and Dennis Labatte,

    Defendants

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED ON DEFENDANT DENNIS LABATTE

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Jennifer Artesi, Plaintiff, through undersigned counsel, propounds upon Dennis Labatte, Defendant, the following written interrogatories and requests for production to be answered fully and under oath within 30 days after the date of service hereof or a shorter period of time as may be ordered by the Court.

These interrogatories and requests for production are deemed continuing. Defendant is requested to provide, by way of supplementary answers, such additional information as they or any other person acting on their behalf may hereafter obtain which will augment or otherwise modify Defendant's answers provided to the interrogatories below. Such supplementary responses are to be served upon Plaintiff, through counsel of record, within 30 days after receipt of such information or a shorter period of time as may be ordered by the Court.

### DEFINITIONS

As used in these Interrogatories and Requests for Production, the following words and terms shall have the following definitions:

10. Provide the dates of every meeting or interaction you had with Plaintiff wherein you either harassed her, yelled at her, mentioned her disability or medical condition(s), from January 1, 2010 forward, and explain what transpired each time. If the interaction was in the presence of others, please identify them (see instructions). Attach all documentation related thereto.

ANSWER: Upon advice of counsel defendant objects to this request as overbroad, vague and impermissibly requesting documents contrary to the court approved discovery plan. Without waiving the objection, I can only answer that while I worked with the plaintiff on and off for many years, at two different store locations, I was the store manager, not her direct supervisor which would have been her department manager or assistant manager. As such I did not interact with plaintiff on a daily basis the way her department manager or assistant manager did. I have no recollection of harassing or yelling at the plaintiff, or treating her differently than any other employee. I do not believe that I treated her in a negative or disrespectful manner. I do not recall ever knowing about, or discussing, any medical condition or disability with the plaintiff, except when she mentioned going out for some surgery in early 2016. I did learn in late December 2016 or early January 2017 that plaintiff was hospitalized.

11. Identify the date and substance of every complaint or concern that you are aware of that Plaintiff raised with regard to you, including but not limited to the incidents enumerated in Exhibit 1 hereto.

ANSWER: Upon advice of counsel defendant objects to this request as overbroad and vague as the plaintiff or her counsel drafted the complaint in this matter. Defendant further objects to the extent the interrogatory seeks the production of attorney work product and/or the mental impressions/conclusions and/or trial strategy of counsel. Without waiving the objection, I do not recall her making any specific complaint to me or about me. As stated, while I worked with the plaintiff on and off for many years, at two different store locations, I was the store manager, not her direct supervisor which would have been her department manager or assistant manager.

12. Please state in complete detail who decided to fire Plaintiff, and identify every individual with any input into the decision. Completely describe all related conversations and provide a copy of all documentation related hereto, including each and every personnel policy, rule or law, practice or procedure you, and /or others, considered in reaching the decision to terminate the Plaintiff.

ANSWER: I do not know who made the decision to terminate the plaintiff.

13. Describe in detail your complete knowledge about the retaliation alleged by Plaintiff in her Complaint, whether by yourself or others. Provide copies of all documentation related thereto.

21.     Did you have any concerns about, or any information about the type, existence, or extent of any disability or medical condition of Plaintiff other than from any communication with Plaintiff or any written communication with any health care provider of Plaintiff? If so, state the source(s) and substance of that information, identify who provided and who received the information, and the date and approximate time the information was received. Provide a copy of all such documentation.

ANSWER:    I have previously answered this same question.


22.     Describe in complete detail all facts of which you are aware of why Plaintiff was out of work in December 2016 through January 2017. Describe all conversations with her, give the date, and provide a copy of all documentation related thereto. Include a description of all requests for documentation from Plaintiff re: her return to work.

ANSWER:    Defendant objects to this interrogatory to the extent the question impermissibly requests documents contrary to the court approved discovery plan. Without waiving the objection, I was not aware at the time why the plaintiff was not in work or the reason she did not or could not come to work. I only know now, through my attorneys and this litigation, what the basis was for her missing work. I understand from my attorneys that information I obtained from them is protected by attorney client privilege.


23.     State whether any lawsuit, legal proceeding, charge (formal or informal) or agency complaint charging you with discrimination or discriminatory retaliation, violation of NH RSA 354-A, hostile work environment and/or aiding and abetting unlawful discrimination practices, or any other complaint by a co-employee or subordinate, other than Plaintiff in this case, have been filed against you at any time during your work life, through the date of your answers to these interrogatories. If so, then for each such occurrence, state:

   a.   the name and address of the complainant/plaintiff and his/her counsel;
   b.   the date of the complaint;
   c.   the venue, address, and name of the agency and/or court where filed;
   d.   the nature and substance of the complaint with a copy of the complaint, answer and any settlement agreement; and,
   e.   the disposition of the action, or the present status of the action.

ANSWER:    I have previously answered this question, none.

\* \* \* \* \* \* \* \* \* \* \* \* \*

Dated: 02/06/_____, 2020          _____
                                    Dennis Labatte

STATE OF MAINE
COUNTY OF YORK

    Before me, personally appeared the above-named Dennis Labatte, and made oath that the foregoing answers are true and correct to the best of his knowledge and belief, this 6TH day of FEBRUARY, 2020.

_____
Notary Public / ~~Justice of the Peace~~

My commission expires: _____

ALICE M. KALOYARES
NOTARY PUBLIC
State of Maine
My Commission Expires
October 10, 2026

12