UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Jennifer Artesi,
Plaintiff

v.                                                        1:19-cv-00214-SM

DeMoulas Super Markets, Inc. d/b/a
Market Basket and Dennis LaBatte,
Defendants

### PLAINTIFF'S FINAL PRETRIAL STATEMENT

NOW COMES the Plaintiff, Jennifer Artesi, by and through her attorney, Law Office of Leslie H. Johnson, PLLC and submits Plaintiff's Final Pretrial Statement as follows:

1.      **BRIEF STATEMENT OF THE CASE** (*assented to by all parties*):

Plaintiff is Jennifer Artesi, a former employee of Defendant Demoulas Super Markets, commonly known as Market Basket.  Ms. Artesi worked for Market Basket for approximately 29 years, from early 1998  until early 2017.  Defendant Dennis Labatte was her manager during her last years at the Somersworth location.  In late 2016, Ms. Artesi requested medical leave pursuant to the Family Medical Leave Act, or FMLA, for treatment of a disability, namely, a substance abuse disorder.  Demoulas granted the request and sent Ms. Artesi notice of the date her leave would expire.  In March 2017  Demoulas notified Ms. Artesi that it had terminated her employment because she had exhausted her available FMLA leave time.

Ms. Artesi claims that prior to her termination she had requested an extension of her FMLA leave as an accommodation for her disability and had provided a return to work date, and that she kept in reasonably frequent contact with Demoulas about her disability and return date.  Ms. Artesi claims that Demoulas' failure to extend her FMLA leave, and to grant extended leave as a reasonable accommodation, violated the Americans With Disabilities Act and state law against discrimination.  She further asserts that Demoulas terminated her in retaliation for her having

sought that accommodation – the extension of her FMLA leave.  Finally, Ms. Artesi claims that her Manager, Dennis Labatte, aided and abetted these actions.

Demoulas denies that Ms. Artesi made a timely or proper request for accommodation and denies that it terminated her in retaliation for any such request.  Mr. Labatte denies that he aided and abetted any unlawful conduct by Demoulas.

2.    LIST OF WITNESSES:

    A.    <u>Witnesses Plaintiff expects to present (from the following list)</u>:

1)    Jennifer Artesi

2)    John Artesi

3)    David Yarian, MD

4)    Mandy Barnum

5)    Cristal Faucher

6)    David James

7)    Rachel Joyce

8)    Dennis LaBatte

9)    Timothy E. Shea

10)    Betsy Pelletier

11)    Joseph W. Schmidt

12)    Linda M. Drury

13)    Sharon Phillips

    B.    <u>Witnesses Plaintiff may call if the need arises</u>:

14)    Gary Arkerson

15)    Jerry Paquette

Plaintiff reserves his right to call anyone on Defendant's witness list.

2

Plaintiff reserves the right to call any other witnesses disclosed in discovery.

Plaintiff reserves the right to call any witness in rebuttal, including but not limited to current or former employees of Defendant Demoulas.

3.    WAIVER OF CLAIMS OR DEFENSES (if any):  Plaintiff has not waived any claims. See Defendant's Pretrial Statement for any waiver of defenses.

4.    LIST OF DEPOSITIONS (to be read into evidence):  The depositions of Jennifer Artesi, Mandy Barnum, David James, Cristal Faucher, Dennis LaBatte, Joseph Schmidt, Tim Shea, Rachel Joyce, and Betsy Pelletier, have been taken. Except for Mr. James, who is recently deceased, Plaintiff does not anticipate the need to read the depositions into evidence.  To the extent any of the other witnesses become unavailable, Plaintiff reserves her right to read said depositions into evidence in accordance with Local Rule 16.2(a)(4).  Plaintiff also reserves the right to use the depositions for all purposes which are allowed under the Rules of Evidence.

5.    EXHIBIT LIST:

A.    <u>Exhibits (Expected) To Be Offered At Trial</u>:
The following list is subject to revision up through trial, and the parties may coordinate some of the exhibits.

| Exhibit No. | Date | Description |
| --- | --- | --- |
| 1 (ID) | 01/02/17 | David Yarian MD re Artesi in hospital in FL discharge date unknown |
| 2 (ID) | 01/04/17 | Request for Family or Medical Leave (FMLA) 12/30/16 thru unknown date |
| 3 (ID) | 01/09/17 | MB to Artesi re forwarding FMLA forms with fax confirmation |
| 4 (ID) | 01/09/17 | Request for Family or Medical Leave (FMLA) start 12/30/16 thru 02/06/17 with fax confirmation |
| 5 (ID) | 01/12/17 | Gonzalo Quesada MD - G & G Healthcare Services FMLA with fax confirmation |
| 6 (ID) | 02/06/17 | Quesada MD – RTW 02/13/17 without restrictions |
| 7 (ID) | 02/22/17 | David Yarian MD re return to work 03/06/17 full capacity |
| 8 (ID) | 03/23/16-05/01/17 | Verizon Talk Activity report re xxx-xxx-3258 |
| 9 (ID) | 02/03/17-04/02/17 | Verizon Talk Activity report re xxx-xxx-3868 |
| 10 (ID) | 01/13/17 | Letter from Joyce to Artesi re FMLA |
| 11 (ID) | 01/13/17 | Letter from Joyce to Artesi enclosing 01/13/17 FMLA Designation Notice |
| 12 (ID) | 12/2016-03/2017 | Plaintiff's calendar with notes |
| 13 (ID) | 03/13/17 | John Artesi letter to Mr. DeMoulas |
| 14 (ID) | 2014, 2015, 2016 | Tax Returns with W2s |
| 15 (ID) |  | 2017 Tax Return with W2s |

3

| 16 (ID) | | 2018 Tax Return with W2s |
|---|---|---|
| 17 (ID) | | 2019 Tax Return with W2s |
| 18 (ID) | | 2020 Tax Return with W2s |
| 19 (ID) | | Demoulas Profit Sharing Report for Artesi |
| 20 (ID) | | Demoulas Profit Sharing Report for Artesi |
| 21  (ID) | Ppe 02/27/16, 05/28/16, 07/02/16, 08/13/16, 09/10/16, 09/17/16, 11/12/16, 11/19/16, 11/26/16, 12/10/16, 12/17/16, 12/24/16, 12/31/16, | 2016 DeMoulas Supermarkets, Inc. selected pay stubs |
| 22 (ID) | | Country Brook Kennels letter on rate of pay with attached payroll history through 02/20/20 and 2019 W2 |
| 23 (ID) | Ppe 03/27/19 | Country Brook Kennels pay stub covering 03.21.19-03.27.19 |
| 24 (ID) | 11/09/17, 11/13/17 | Shaw's Conditional offer & New Hire Rate of Pay |
| 25 (ID) | Ppe 04/21/18 Ppe 07/21/18 | New Albertson's, Inc. (Shaw's Supermarkets) pay stubs |
| 26 (ID) | | Damages chart |
| 27 (ID) | | Benefits chart |
| 28 (ID) | 03/01/17 | MB Benefit Continuation Notice |
| 29 (ID) | 03/01/17 | MB to Artesi re termination of life insurance |
| 30 (ID) | 03/01/17 | MB to Artesi re termination of health & dental insurance |
| 31 (ID) | 09/18/16 | Health Insurance election |
| 32 (ID) | 10/01/16-01/02/17 | Artesi Quarterly Earnings Report, weekly |
| 33 (ID) | | Artesi Payroll File Inquiry |
| 34 (ID) | 2014-2017 | Demoulas's Answer to Interrogatory No. 8 with attached Demoulas Store 36 employees' FMLA leave chart |
| 35 (ID) | | Medical Bills incurred after termination due to lesser health insurance |
| 36 (ID) | 01/03/17, 01/04/17, 01/10/17, 01/18/17, 01/27/17, 02/01/17, 02/06/17 | Anthem BCBS authorizing care - 12/30/16-01/04/17 - 01/03/17-01/10/17 - 01/03/17-01/18/17 - 01/18/17-01/28/17 - 01/18/17-02/01/17 - 02/01/17-02/15/17 - 02/03/17 |

4

| 37 (ID) | 01/14/10, 01/20/11, 03/07/13 | LaBatte signature to Demoulas Rules for Security Awareness, Rules Against Sexual Harassment, Employee Rights and Responsibilities under FMLA |
|---|---|---|
| 38 (ID) | 03/30/17 | LaBatte signature to Demoulas Super Markets – Annual Refresher Training |
| 39 (ID) | 04/14/14, 04/10/15, 03/17/16 | LaBatte signature to Demoulas Super Markets – Health & Safety Training |
| 40 (ID) | 10/31/1996, 08/06/09 | Labatte signature to Demoulas Super Markets – Rules Against Sexual Harassment |
| 41 (ID) | 01/20/1986- 02/10/2019 | Labatte Personnel Record Sheet (labatte 87/87) |
| 42 (ID) | 01/02/17 | David Yarian MD – Artesi in hospital in FL discharge date unknown (with handwritten note attached) |
| 43 (ID) | | Artesi Benefits File from MB |
| 44 (ID) | | Artesi Timecards |
| 45 (ID) | | Schmidt's Affidavit DN16-3 (Schmidt depo 1) 99-100/129 |
| | | Any and all documents produced by either party in discovery. |

B.     Exhibits Which May Be Offered If Need Arises:

1)     Plaintiff is unaware of any other exhibits which may be necessary at this time and reserves the right to submit such exhibits should they become known and necessary.

2)     All exhibits necessary for rebuttal.

Plaintiff reserves her right to use any and all exhibits produced by either party through and during discovery, or listed by Defendant.

By listing an exhibit Plaintiff does not guarantee she will offer such exhibit during trial, nor does she waive the right to object to any such exhibit based upon the Rules of Evidence, as she may deem necessary at the time of trial.

6.     POSITION OF USE OF JURY EVIDENCE RECORDING SYSTEM (JERS) AT TRIAL:

The parties have agreed to use JERS, as it appears to be mandatory.

7.     ITEMIZED STATEMENT OF SPECIAL DAMAGES:

A.     Special damages have been calculated through 06/30/21 and consist of:
Lost wages, overtime and bonuses........................................ $584,878.79
Loss of Profit Sharing ......................................................... $183,492.80
Health Insurance Premium................................................... $138,000.00
Medical Bills incurred due to lesser health insurance .......... $   3,498.42
Attorneys' Fees (approx.) to date, but continuing ................ $  65,000.00
Estimated general compensatory damages, but to be set by a jury $400,000.00
                                                     Sub-total     $1,374,870.01

5

In addition, Plaintiff is requesting enhanced compensatory, and punitive, damages to be set by the jury, and will be requesting that the Court gross-up any verdict for purposes of adverse tax consequences and make an award of additional attorneys' fees and costs.

8.      STATEMENT OF LATEST DEMAND AND OFFER & STATEMENT DESCRIBING PARTIES' PARTICIPATION IN ADR PROCESS:

Plaintiff forwarded an itemized statement of damages on or about December 12, 2017 in the amount of $1,271,729.42, including, but not limited to, lost wages (up to age 67), benefits, health insurance, compensatory damages, attorneys' fees and costs.  Mediation was held on December 14, 2017, pre-suit, which was unsuccessful.  Plaintiff forwarded an updated itemized statement of damages on or about August 1, 2019 in the amount of $1,561,636.37.  No further mediation has been held, although the parties are assessing their positions, and Plaintiff has just made a revised demand.

9.      ATTORNEY FEES (if applicable) AND STATUTORY AND/OR REGULATORY AUTHORITIES RELIED UPON:

Attorneys' fees and costs to date are approximately $65,000.00, and an additional $150,000.00 or more is expected to be incurred up through trial and conclusion of the case. Attorneys' fees and costs may be awarded under the ADAAA, and RSA 354-A.

10.     VIEW REQUEST & DESIGNATION OF WHO SHALL PAY THE COST OF THE VIEW:

N/A

11.     ESTIMATED LENGTH OF TRIAL: 4-5 days.

12.     OTHER:  Counsel for Plaintiff respectfully requests to be allowed to conduct attorney voir dire.

Respectfully submitted,
**JENNIFER ARTESI, Plaintiff**
By Her Attorney

Dated: May 21, 2021          By:          /s/ LESLIE H. JOHNSON
                                           Leslie H. Johnson, Esquire – NH Bar No. 5545
                                           LAW OFFICE OF LESLIE H. JOHNSON, PLLC
                                           PO Box 265
                                           Center Sandwich, NH 03227
                                           (603) 284-6600
                                           leslie@lesliejohnsonlaw.com

6

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a copy of the above to be electronically served through ECF this date to those on the ECF service list.


      /s/ LESLIE H. JOHNSON
Leslie H. Johnson, Esquire