UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Jennifer Artesi                  )
                                     )

v.                                  )        Civil Action No.: 1:19-CV-00214-AJ
                                     )

Demoulas Super Markets, Inc. d/b/a   )
Market Basket, and                  )
Dennis Labatte                      )

## DEFENDANT DEMOULAS SUPER MARKETS, INC., MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING BACK PAY CLAIM AS OF DECEMBER 18, 2017 AND FRONT PAY CLAIM

NOW COMES the Defendant, Demoulas Supermarkets ("DSM"), by and through its counsel, Maggiotto, Friedman & Feeney, PLLC, and moves the Court to exclude any evidence regarding back pay as of or after December 18, 2017, the date that it unconditionally offered Plaintiff employment at her previous job and any front pay claim due to the employment offer and due to her voluntarily resigning from a job at Shaw's Supermarket in August of 2018.

1. Plaintiff has made a claim for back pay for alleged employment discrimination under Title VII, the ADA, and New Hampshire RSA Chapter 354-A.

2. DSM made Plaintiff an unconditional offer of employment at her previous job (or its equivalent) at a different store which removed her from the environment about which she complains). *See* Exhibit A, Deposition of Jennifer Artesi ("Artesi Deposition"), p. 50 and Ex. 3 to Deposition, letter dated December 14, 2017. As noted in the letter, her employment offer commenced on December 18, 2017.

3. Plaintiff declined the job offer. Ex. A., Artesi Deposition 50: 11-13.

4. Additionally, Plaintiff began work at Shaw's Supermarket on November 13, 2017 at $16.00/hr., full time. Exhibit B, Artesi R. 26 disclosure JA-294.

5. Plaintiff resigned her job at Shaw's on August 18, 2018. Ex. A, Artesi Deposition 37:7-8; Ex. B, Artesi R. 26 disclosure JA-262.

6. Accordingly, Plaintiff is not owed back pay or front pay, and no evidence relating to back pay should be admitted in this case.

**EVIDENCE RELATING TO BACK PAY SHOULD BE EXCLUDED BECAUSE PLAINTIFF DECLINED AN OFFER OF FULL TIME EMPLOYMENT AT HER REGULAR JOB AT A DSM STORE CLOSER TO HER**

7. "[A]bsent special circumstances, the rejection of an employer's unconditional job offer ends the accrual of potential backpay liability." *Ford Motor Co. v. Equal Employment Opportunity Commission*, 458 U.S. 219, 241 (1081).

8. The basis of Plaintiff's duty to accept an unconditional job offer is her duty to mitigate damages. *Johnson v. Spencer Press of Maine, Inc.*, 364 F.3d 368, 379 (1st Cir. 2004).

9. In addition, an employer's good faith offer of employment brings about the remedy that Title VII was intended to provide – "Title VII's primary goal, of course, is to end discrimination; the victims of job discrimination want jobs, not lawsuits." *Ford Motor Co.*, 458 U.S. at 230.

10. A plaintiff's obligation to mitigate damages runs to disability claims as well. *See Parrish v. Immanuel Medical Center*, 92 F.3d 727, 735 (8th Cir. 1996) (decided under ADEA and citing *Ford Motor Co*. 458 U.S. at 231 for mitigation obligation).

11. Plaintiff's state law claims are also bound by duty to mitigate as federal law under Title VII is "instructive" as to state law discrimination claims under RSA Chapter 354-A. See *Madeja v. MPB Corp.*, 149 N.H. 371, 379 (2003).

**EVIDENCE RELATING TO FRONT PAY SHOULD BE EXCLUDED BECAUSE PLAINTIFF DECLINED AN OFFER OF FULL TIME EMPLOYMENT AT HER REGULAR JOB AT A DSM STORE CLOSER TO HER**

12. Plaintiff's front pay claim is similarly proscribed by her failure to mitigate because she refused an unconditional offer of employment at her previous job or its equivalent, and because after securing employment with a different employer, Shaw's Supermarkets, she voluntarily resigned from that job after nine months.

13. Although Plaintiff says she left the Shaw's job to have shoulder surgery, she made little to no effort to retain that position despite what she states were excellent job reviews from her regional supervisor.

14. Her front pay claim is subject to the same legal limitations as her back pay claim.

15. "Front pay should not be awarded unless reinstatement is impracticable or impossible." *Johnson v. Spencer Press of Maine, Inc.*, 364 F.3d 368, 380 (1st Cir. 2004), citation omitted.

16. The limitation on front pay stems from the same rationale as the limitation on back pay. "[D]istrict courts must consider [a plaintiff's] failure to mitigate . . . damages in determining the extent to which, if at all, front pay is appropriate." *Giles v General Electric Company*, 245 F.3d 474, 489 (5th Cir. 2001), quoting *Hansard v. Pepsi-Cola Metro. Bottling Co.*, 865 F.2d 1461, 1470 (5th Cir. 1989), quotation marks omitted (case decided under ADA).

**MISCELLANY**

17. Defendant Labatte assents to the relief requested and joins in the Motion.

18. Please see Defendant's Memorandum of Law in Support for further argument and discussion.

Wherefore, Defendant Demoulas Super Markets, Inc. requests the Court:

A.  Grant this Motion;

B.  Exclude any evidence of back pay, front pay, or similar loss of earnings by Plaintiff

starting on and after December 17, 2018;

C.  Rule that any claim for such back pay damages and for front pay damages is improper

and inadmissible; and

D.  For such other relief as is just and equitable.

Respectfully submitted,

Demoulas Super Markets, Inc.

By their Attorneys,
Maggiotto, Friedman & Feeney, PLLC

Dated: May 26, 2021          By:     _/s/ Dona Feeney_____
                                     Dona Feeney, Esq. (N.H. Bar #12854)
                                     58 Pleasant Street
                                     Concord, NH   03301
                                     (603) 232-5469 or 225-5152
                                     dfeeney@mffflaw.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing has been served through the court's ECF

filing system on Leslie H. Johnson, Esq and Brian Cullen, Esq.

__/s/ Dona Feeney_____
Dona Feeney, Esq.

4