UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Jennifer Artesi                          )
                                         )
v.                                       )        Civil Action No.: 1:19-CV-00214-AJ
                                         )
Demoulas Super Markets, Inc. d/b/a       )
Market Basket, and                       )
Dennis Labatte                           )


## DEFENDANT DEMOULAS SUPER MARKETS, INC., MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING BACK PAY CLAIM AS OF DECEMBER 18, 2017 AND FRONT PAY CLAIM

NOW COMES the Defendant, Demoulas Supermarkets ("DSM"), by and through its counsel, Maggiotto, Friedman & Feeney, PLLC, and submits this Memorandum of Law in support of its *Motion in Limine* to exclude evidence regarding back pay and front pay as of or after December 18, 2017, the date that DSM unconditionally offered Plaintiff employment at her previous job and any front pay claim due to the employment offer.

**Statement of Relevant Facts**

Plaintiff has made a claim for back pay for alleged employment discrimination under Title VII, the ADA, and New Hampshire RSA Chapter 354-A. DSM made Plaintiff an unconditional offer of employment at her previous job (or its equivalent at a different store which removed her from the environment about which she complains). *See* Exhibit A, Deposition of Jennifer Artesi ("Artesi Deposition"), p. 50 and Ex. 3 to Deposition, letter dated December 14, 2017. As noted in the letter, her employment offer commenced on December 18, 2017. Plaintiff declined the job offer. Ex. A, Artesi Deposition 50: 11-13.

Plaintiff lives in Center Barnstead, New Hampshire. *See* Complaint, ¶ 4. She was formerly employed at a DSM location in Somersworth, New Hampshire. *Id*., ¶ 3. The offer of

employment made to Plaintiff, which was to begin on December 18, 2017, was in the Rochester, New Hampshire DSM store. *See* Ex. A, Artesi deposition Ex. 3. Rochester is closer to Center Barnstead than Somersworth.[1]

The offer was for full time employment. *Id*. It was for her previous rate of pay. The offer included full benefits. *Id*. No conditions were placed on the offer, as is plain from Exhibit 3. She had only to show up to work on December 18, as noted in the letter. She failed to do so, as she herself noted that she declined the job offer, as noted in her deposition as cited to above.

## I.    PLAINTIFF IS NOT OWED BACK PAY BECAUSE SHE REFUSED AN UNCONDITIONAL JOB OFFER AND NO EVIDENCE RELATING TO BACK PAY SHOULD BE ADMITTED.

Plaintiff is not owed back pay because she refused an unconditional job offer from DSM. The offer, as set out above, is for full time work, at her same job, with full benefits, at a store closer to where she lives. She declined the job. Accordingly, Plaintiff is not owed back pay and no evidence relating to back pay should be admitted in this case.

"[A]bsent special circumstances, the rejection of an employer's unconditional job offer ends the accrual of potential backpay liability." *Ford Motor Co. v. Equal Employment Opportunity Commission*, 458 U.S. 219, 241 (1081). DSM's full duty, full benefit job offer reaches the goal explicated in *Ford Motor Co* – ending any purported discrimination. "Title VII's primary goal, of course, is to end discrimination; the victims of job discrimination want jobs, not lawsuits." *Ford Motor Co.*, 458 U.S. at 230. Plaintiff here declined a job at a different store, however – apparently preferring litigation to employment. This is the reverse of what *Ford Motor Co.* suggests or commands. DSM's job offer therefore brought about the remedy that Title VII was intended to provide- reemployment.  While DSM cannot compel Plaintiff to work at the

---

[1] The Court can take judicial notice of this geographic fact, which is plain on any map, under Fed. R. Evid. 201 (b).

Rochester store, she is not to be rewarded with monetary damages in the form of back pay for her refusal to work. Further, the job offer in a different DSM store removed her from the environment about which she complained.

The basis of Plaintiff's duty to accept an unconditional job offer is her duty to mitigate damages. *Johnson v. Spencer Press of Maine, Inc.*, 364 F.3d 368, 379 (1st Cir. 2004). This duty is not unique to Title VII claims, of course, but pervades almost all claims for damages.[2]  A plaintiff's obligation to mitigate damages runs to disability claims as well. *See Parrish v. Immanuel Medical Center*, 92 F.3d 727, 735 (8th Cir. 1996) (decided under ADEA and citing *Ford Motor Co.* 458 U.S. at 231 for mitigation obligation) and see also *Trainor v. HEI Hospitality, LLC*, 699 F.3d 19, 30 (1st Cir. 2012) (age discrimination case, although in *Trainor* the First Circuit found that there was sufficient evidence to support a jury determination that the defendant failed to show failure to mitigate).

Plaintiff's state law claims are also limited by her duty to mitigate, as federal law under Title VII is "instructive" as to state law discrimination claims under RSA Chapter 354-A. *See Madeja v. MPB Corp.*, 149 N.H. 371, 379 (2003). Her failure to mitigate, as established above in relation to her federal back pay claims, therefore eliminates any similar damages under her state law claim.

---

[2] *See e.g.*, *American Steel Erectors, Inc. v. Local Union No. 7, International Association of Bridge*, 815 F.3d 43, 58 (1st Cir. 2016) discussing mitigation under the Labor Management Relations Act and *Crowther v. Consolidated Rail Corp.*, 680 F.3d 95, 99  (1st Cir. 2012) discussing mitigation under the Federal Employers' Liability Act.

## II. PLAINTIFF ALSO IS NOT OWED FRONT PAY BECAUSE SHE REFUSED AN UNCONDITIONAL JOB OFFER AND NO EVIDENCE RELATING TO FRONT PAY SHOULD BE ADMITTED.

Plaintiff's front pay claim is similarly proscribed by her failure to mitigate because she refused the unconditional offer of employment for a full pay, full benefits job at a DSM store closer to her home than her previous job. Plaintiff's front pay claim is subject to the same legal limitation as her back pay claim because she has a duty to mitigate all of her damages.

Front pay presents Plaintiff with a much narrower path and more significant uphill climb, however. "Front pay should not be awarded unless reinstatement is impracticable or impossible." *Johnson v. Spencer Press of Maine, Inc.*, 364 F.3d 368, 380 (1st Cir. 2004), citation omitted, emphasis added. Here, front pay was neither impractical nor impossible. It was there for the taking, put directly before Plaintiff. The offer was directly before Plaintiff, in writing. The offer was fully restorative, with full pay and benefits. While front pay awards are "generally entrusted to the district judge's discretion [they are] are available in a more limited set of circumstances than back pay." *Id.*, footnote and citation omitted. Here, because Plaintiff refused an unconditional employment offer at full pay and full benefits, she has no right to front pay.

The rationale for no front pay claim – and admitting no evidence thereof at trial, is the same as for back pay. "[D]istrict courts must consider [a plaintiff's] failure to mitigate . . . damages in determining the extent to which, if at all, front pay is appropriate." *Giles v General Electric Company*, 245 F.3d 474, 489 (5th Cir. 2001), quoting *Hansard v. Pepsi-Cola Metro. Bottling Co.*, 865 F.2d 1461, 1470 (5th Cir. 1989), quotation marks omitted (case decided under ADA). Given Plaintiff's total failure to mitigate by declining reinstatement in the same job, at her same pay, in a DSM store closer to home, Plaintiff should not be permitted to present any evidence of front pay.

Plaintiff's front pay claim should also be eliminated by the Court because she voluntarily resigned from a job with Shaw Supermarket in August of 2018. Ex. A, Artesi Deposition 37:7-8; Ex. B, Artesi R. 26 disclosure JA-262. Her voluntary resignation from the Shaw's job means that her lack of employment after August of 2018 was of her own doing. It was not caused by DSM or a reinstatement that was "impractical or impossible."

Plaintiff accepted a job at Shaw's in November 2017, as an assistant produce manager. Ex. A, Artesi Deposition, 30:2-4; Exhibit B, Artesi R. 26 disclosure JA-294. She earned $17.00 per hour there with medical and dental benefits. *Id.*, 14-21. There was a 401K plan, which Plaintiff thinks had a one-percent match. *Id.*, 36:17-37:5. Her pay and main benefits were equivalent, in essence, to her job at DSM.

Plaintiff voluntarily resigned from Shaw's in August of 2018. Ex. A, Artesi Deposition, 37:6-8. She had developed a shoulder problem for which she decided to have elective surgery. *Id.*, 34:1-20. She claims that her direct supervisor, Denise, didn't want to deal with her shoulder injury. 30:5-31:23.[3]

Plaintiff's regional supervisor at Shaw's, Adam Pelletier, "was saying I did a great job," however. *Id.*, 37:9-18. Pelletier thought she had done such a good job that he wanted her to move up in the company. *Id.* Plaintiff never reached out to Pelletier to ask if she could retain her employment with Shaw's despite her limited time with the company. *See* generally *Id.* at 37-39.[4]

Plaintiff, having refused DSM's unconditional offer of employment for a full pay, full benefits job at a DSM store closer to her home than her previous job, followed by her voluntary

---

[3] The questioning discusses Plaintiff's supervisor, Denise [Morin], and the Shaw's store manager, whose name is not indicated until later in the deposition when she is identified as "Doreen." But Plaintiff indicates that she never talked to the store manager about what her direct supervisor, the produce manager, Denise said to her.

[4] Plaintiff never directly answers the question of not asking Denise Morin about needing time off for shoulder surgery and "What can you do for me [about that]? *Id.*, 39:9-10 as well as 37-39, generally.

resignation from a similar job with Shaw's with no attempt to try to retain the job post-surgery, should not be allowed to argue for front pay. This case does not present the limited set of circumstances in which front pay is a valid or appropriate remedy.

## CONCLUSION

For reasons stated herein, Defendant Demoulas Super Markets, Inc., requests the Court grant its *Motion in Limine*, exclude any evidence relating to back pay and exclude any evidence relating to front pay due on or after December 18, 2017 due to Plaintiff's declining of the offer of employment as set forth in Exhibit 3 from Plaintiff's deposition as submitted to the Court.

Respectfully submitted,

Demoulas Super Markets, Inc.

By Its Attorneys
Maggiotto, Friedman & Feeney, PLLC

Dated: May 26, 2021          By:      */s/ Dona Feeney*_____
                                     Dona Feeney, Esq. (N.H. Bar #12854)
                                     58 Pleasant Street
                                     Concord, NH   03301
                                     (603) 232-5469 or 225-5152
                                     dfeeney@mffflaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served through the court's ECF filing system on Leslie H. Johnson, Esq and Brian Cullen, Esq.

*/s/ Dona Feeney*_____
Dona Feeney, Esq.

6